PONDER, Justice.
 

 The State has appealed from a judgment of the lower court sustaining a plea to its jurisdiction and ordering the defendant discharged.
 

 
 *859
 
 The defendant was indicted on November 25, 1947 for the murder of Elma Dee Kranklin on October 30, 1947. The defendant was under fifteen years'of age when the offense was committed. At that time Section 96 of Article 7 of the Constitution of 1921 provided the Juvenile Court for the Parish of Orleans “ * * * shall have jurisdiction, except for capital crimes * * * of the trial of all children under seventeen years of age who may be charged * * * as neglected or delinquent children * *
 
 * ”
 
 On March 14, 1949 he was permitted to withdraw his plea of not guilty and interpose a plea to the jurisdiction of the court. Section 96 of Article 7 of the Constitution, having been amended pursuant to Act No. 513 of 1948, then provided that the Juvenile Court for the Parish of Orleans “ * * * shall have jurisdiction, except for capital crimes * * * committed by children fifteen years of age or older, of proceedings concerning neglected or delinquent children under seventeen * *
 

 The lower court- sustained the plea and ordered the defendant discharged. The State reserved exceptions to the judgment which were overruled and the State has appealed.
 

 The plea to the jurisdiction was properly sustained because the jurisdiction of the case is now vested in the juvenile court under the provisions of Section 96 of Article 7 of the Constitution, as amended. The State takes no issue with the judgment of the trial court insofar as it sustained the plea to its jurisdiction. In fact, the authorities cited by its support the judgment in this respect.
 

 The State contends that the lower court erred when it refused to transfer the case to the juvenile court in compliance with Section 11 of Act No. 169 of 1944. The pertinent portion of this section of the' act reads as follows: “If, during the pendency of a criminal or quasi-criminal charge (except charges of capital crimes or charges of attempted aggravated rape) against any person under twenty-one years of age in any other court, it shall be ascertained that said person was under the age of seventeen years at the time of committing the alleged offense, the Court shall transfer such case immediately, together with all the papers, documents, and testimony connected therewith, to the Juvenile Court.”
 

 The purpose of this section of the act was to make it the mandatory duty of the courts to transfer all cases to the juvenile court vested with jurisdiction. At that time capital crimes were excepted in Section 96 of Article 7 of the Constitution fixing the jurisdiction of the Juvenile Court for the Parish of Orleans. When the section of the Constitution was amended it superseded the section of the act insofar as it excepts capital offenses committed by juveniles under fifteen years of age. It
 
 *861
 
 had the effect of deleting or nullifying the exceptions to that extent. The lower court had sufficient authority under its judicial power to transfer the case to the juvenile court independently of the statutory provision. The statute now makes it mandatory to transfer the cases to the juvenile court vested with ' jurisdiction. A charge of delinquency could have been made in the juvenile court but the enforcement of this provision of the statute eliminates the necessity of instituting a new charge in the juvenile court and thereby facilitates the administration of justice.
 

 Counsel for the defendant contends that the constitutional amendment operates as a legislative pardon of the defendant because it contains no saving clause as to pending cases. This question would have to be raised before a court having jurisdiction over the defendant. There are only two questions raised in this case —an attack on the jurisdiction of the court and a request of the State for the transfer of the case. The effect.of the constitutional amendment can only be inquired into insofar as it relates to these questions.
 

 For the reasons assigned, the judgment of the lower court is amended so as to order the transfer of the case with all the papers, documents and testimony connected therewith to the Juvenile Court for the Parish of Orleans.
 

 O’NIELL, C. J., takes no part.