SCHOTT, Judge.
Plaintiff was appointed to membership on the Board of Commissioners of the Orleans Levee District (the Board) in December, 1979, by Governor Edwin W. Edwards. Defendant was appointed to the same position in October, 1980, by Governor David C. Treen. Upon taking his oath of office defendant attempted to replace plaintiff who instituted these injunction proceedings. From a judgment granting a preliminary injunction in plaintiff’s favor, defendant has appealed. The issue is whether plaintiff’s appointment is for a four year term commencing on the date of his appointment as may follow from LSA-R.S. 38:1233 or whether he is subject to early removal under R.S. 38:281(D), R.S. 42:4, or Art. 4, § 5(1) of the Constitution.
R.S. 38:1233 provides in pertinent part: “The governor shall appoint five persons possessing all the requisites of a qualified elector in the parish, to serve as commissioners of the district, who shall hold the office for a term of four years and until their successors are appointed and qualified. ...”
This Section had its origin in Act 93 of 1890 which established the Board and provided for seven members with four appointed for three years, three for six years, and successors to be appointed for six years. By Act 137 of 1920 this was amended to provide that “immediately upon the passage of this Act” the governor would appoint the seven to serve during the term of the governor subject to provisions for removal for cause." By Act 234 of 1924 the law was *482 again amended to provide that the governor “shall immediately upon the passage of this Act” appoint the seven with four for three years, three for six years and all successors for six years. Finally, by Act 97 of 1928 these laws were amended substantially in their present form to provide that “the governor shall immediately upon the passage of this Act, appoint five persons who shall hold said office for a term of four years and until their successors are appointed and qualified.” The law also provided for ex officio membership by the mayor and a member of the commission council of New Orleans. Section 1233 was not further amended until the passage of Act 523 of 1979, which will be discussed hereafter.
Section 281(D) had its origin in Art. 16, § 1, of the constitution of 1921, subsection B of which provides as follows:
“Notwithstanding any other provision in this constitutuon or of any law to the contrary, every vacancy, whether for death, resignation, expiration of term or for any other cause, occurring on any present or future board of commissioners of any levee district now or hereafter created in this state shall be filled in the manner hereinafter provided.”
The constitution went on to establish a numination system from the legislature for members of levee districts and then provided:
“The terms of any and all members now serving on levee boards shall expire on January 1, 1967, and new commissioners shall be appointed to fill any and all vacancies created by the expiration of their terms in the manner hereinabove provided. All members of the boards of commissioners of levee districts shall have terms concurrent with that of the governor appointing them.”
Subsection C of this article of the constitution provided: “The provisions of this section apply to all boards of commissioners of all levee boards whether created or provided for by this Constitution or by the Legislature.”
This section of the 1921 constitution was continued as a statute by Art. 14, § 16, of the Constitution of 1974 and implemented by Act 99 of 1975. It was then designated § 281(C). By Act 256 of 1977 this law was amended to change the provision that board members serve terms concurrent with that of the governor to read:
“All members of the boards of commissioners of levee districts shall serve at the pleasure of the governor.”
Finally, by Act 314 of 1978 an additional subsection was added to § 281 and the pertinent subsection C was redesignated as subsection D.
Plaintiff was appointed to the Board on February 22, 1974, to succeed Claude W. Duke who resigned on February 21. He was not reappointed until December, 1979, by Governor Edwards. In the meantime § 1233 was amended by Act 523 of 1979 and provided as follows:
“AN ACT
To amend and reenact Section 1233 of Title 33 of the Louisiana Revised Statutes of 1950, relative to the appointment and term of commissioners of the Orleans Levee District, vacancies, and ex officio commissioners, and otherwise to provide with respect thereto.
Be it enacted by the Legislature of Louisiana:
Section I. Section 1233 of Title 38 of the Louisiana Revised Statutes of 1950 is hereby amended and reenacted to read as follows:
§ 1233 Appointment and term of commissioners; vacancies; ex officio commissioners:
The governor shall appoint five persons possessing all the requisites of a qualified elector in the parish, to serve as commissioners of the district, who shall hold the office for a term of four years and until their successors are appointed and qualified. In case of vacancy by death, resignation, or inability to act, the vacancy shall be filled by appointment by the governor. The other commissioners shall be ex officio the mayor or an executive employee of the mayor’s office, and one other member of the City Council of New *483 Orleans, designated by the council, forming a board of seven members.
Section 2. If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items, or applications of this Act which can be given effect without the invalid provisions, items, or application, and to this end the provisions of this Act are hereby declared severable. Section 3'. All laws or parts of laws in conflict herewith are hereby repealed.”
It is plaintiff’s contention that until § 1233 was reenacted by Act 523 of 1979, it had not been in existence because it had been repealed by Act 99 of 1975, which implemented the constitutional carryover of Art. 16, § 1, of the Constitution of 1921. Plaintiff would have us read this act to mean that the legislature provided for the governor to appoint all seven members of the board so that the two ex officio members were eliminated.
We disagree with that contention. As it was then designated § 281(C) was intended to do no more than place in the statutes the provisions of Art. 16, § 1, of the Constitution of 1921. The constitutional and statutory provisions do not purport to eliminate the ex officio members provided for in § 1233 but have to do only with the appointed members of the board.
Thus, it is clear that when Macon was appointed to the board in February, 1974, his appointment was for the unexpired term of Claude W. Duke to expire when the governor’s term expired in April, 1976, in accordance with Art. 16, § 1, of the Constitution of 1921. His appointment continued by virtue of § 1233’s provision, not affected by the constitution, that an appointee would also serve until his successor was appointed and qualified. By December, 1979, § 281(C) had again been amended to remove the provision for the term to be concurrent with that of the governor and replaced by the provision that the board member would serve at the pleasure of the governor, so that plaintiff continued in office not by virtue of his original appointment as held over and extended but now at the pleasure of the governor.
Plaintiff’s contention that Act 523 of 1979, amending and reenacting Section 1233 had the effect of recreating a dead act is also contradicted by the wording of the act itself. The legislature proclaimed that this was an Act “to amend and reenact Section 1233, etc.” Section 1 of the Act provided that Section 1233 “is hereby amended and reenacted, etc.” This language surely connotes that the legislature was not laboring under the impression that there was no Section 1233 in existence at that time.
Finally, notwithstanding the title of the Act which proclaimed a reenactment of Section 1233, the only change made in the Act was to provide that the ex officio membership on the board of the mayor of the City of New Orleans could be filled by an executive employee of the mayor’s office. In all other respects this Act is exactly as it existed prior to 1979, rebutting the contention that it was the legislature’s intent to start new terms of four years for every member of the board.
We reconcile these two sections to mean that the governor shall appoint board members for terms of four years under R.S. 38:1233 but that members serve at the governor’s pleasure in any case under R.S. 38:281(D). Thus, plaintiff served at the pleasure of Governor Treen until he appointed defendant to the position.
We recognize that the provision for service at the governor’s pleasure may be vulnerable to an attack based on the present constitution, Art. 4, § 5(I)’s prohibition against the governor’s removal of a person appointed for a term fixed by law. It may be argued that since the present Constitution carried over as a statute the provision establishing the term as concurrent with that of the governor, the legislature could not subsequently modify the term to expand the governor’s removal power beyond that which Art. 4, § 5(1) allows. But we need not address this issue in the present case because even if the argument is valid plaintiff’s term expired in April, 1980, and was held over only until defendant’s appointment in October.
*484 Accordingly, the judgment appealed from is reversed and set aside, the preliminary injunction is dissolved and plaintiff’s rule is dismissed.
REVERSED AND RENDERED.