437 So.2d 806 (1983)
Eugene MACON
v.
Louis COSTA.
No. 82-C-2772.
Supreme Court of Louisiana.
September 2, 1983.
*807 Mack E. Barham, David A. Marcello, Barham & Churchill, New Orleans, for applicants.
Thomas W. Tucker, New Orleans, for respondents.
CALOGERO, Justice.
In December of 1979, the former Governor of the State of Louisiana appointed plaintiff, Eugene Macon, to a position as a member of the Board of Commissioners of the Orleans Levee Board. In October of 1980, the present Governor, who assumed office on March 10, 1980, appointed defendant Louis Costa to the same levee board position. After taking his oath, Costa attempted to replace Macon, who thereupon filed this injunction suit. From a judgment *808 granting a preliminary injunction in plaintiff Macon's favor, defendant Costa appealed. The Court of Appeal, 420 So.2d 480, ruled in Costa's favor. They reversed, set aside the trial court judgment, dissolved the preliminary injunction, and dismissed plaintiff Macon's lawsuit. Rehearing was denied. We granted writs on application of Macon. He wants this Court to vacate the judgment of the Court of Appeal, and reinstate the injunction granted by the trial court.
The issue before us is whether Macon's December, 1979, appointment and term of office are controlled by the general provisions of La.R.S. 38:281, or by the language of the more specific and later (1979) amended and reenacted La.R.S. 38:1233. R.S. 38:281, passed in 1975 (Act 99) as a statutory codification of Article XVI, § 1 of the 1921 Louisiana Constitution (La.R.S. 38:281 was amended in 1977 (Act 256), 1978 (Act 314) and 1979 (Act 676)), dictated that all members of the Boards of Commissioners of levee districts (all members of all levee boards) shall serve terms concurrent with that of the Governor appointing them (the 1977 amendment changed it to "shall serve at the pleasure of the Governor"). La.R.S. 38:1233, on the other hand, affords Orleans Levee District Commissioners "a term of four years and until their successors are appointed and qualified." (emphasis added.)
Plaintiff contends that La.R.S. 38:1233, the later and more specific statute, controls; that it provides for a fixed four year term; and that the 1974 Louisiana Constitution Article IV, § 5(I)'s prohibition against the Governor's removing from office a person appointed for a term fixed by law bars his removal from office by the Governor in October, 1980, or at any time before expiration of his four year term of office in December, 1983.
For the reasons which follow we determine that La.R.S. 38:1233 is indeed controlling, that plaintiff Macon in December, 1979, was appointed to a four year term, that it was a term "fixed by ... law," and that he was thus not subject to removal from office in October, 1980, by the present Governor (La. Const. art. IV, § 5(I) (1974).[1]
A review of the two statutes (La.R.S. 38:281 and La.R.S. 38:1233), their origins and amendments, is essential to the proper resolution of this case.
La.R.S. 38:1233, in the earliest pertinent version of the present statute, upon its amendment by Act 97 of 1928, provided in pertinent part:
Section 2.... the Governor shall immediately upon the passage of this act, appoint five persons, possessing all the requisites of a qualified elector in said parish [Orleans] to serve as commissioners of said district [Orleans Levee District], who shall hold said office for a term of four years and until their successors are appointed and qualified; and in case of vacancy by death, resignation or inability to act, such vacancy shall be filled by appointment by the Governor. The other Commissioners shall be ex-Officio the Mayor and one other member of the Commission Council of New Orleans, designated by said Commission Council, forming thus a board of seven members.[2] *809 La.R.S. 38:1233 was thereafter amended and reenacted in 1979. The text of that Act, No. 523 of 1979, is found later in this opinion along with a discussion of its effect.
The origin of La.R.S. 38:281(D), as it read in 1979, was Article XVI, § 1 of the 1921 Louisiana Constitution as that section was amended by vote of the people in 1966 (following Act 545 of 1966). That constitutional provision was made statutory by Act 99 of 1975, which became La.R.S. 38:281(C), now Subsection D. Act 545 of 1966, proposing the amendment to Article XVI, § 1, stated its purpose to be "to provide for the appointment of and with respect to the remuneration for members of board of commissions of levee districts." The amended Article XVI, § 1, thereafter, provided:
Section 1. A. A levee system, as now organized or as hereafter created, shall be maintained.
B. Notwithstanding any other provision in this Constitution or of any law to the contrary, every vacancy, whether for death, resignation, expiration of term or for any other cause, occurring on any present or future board of commissioners of any levee district now or hereafter created in this state shall be filled in the manner hereinafter provided.

Vacancies occurring for any cause including the expiration of the term, shall be filled by appointment by the Governor from panels submitted as follows; each member of the House of Representatives representing a parish or part of parish lying within a levee district shall submit one name for each vacancy to be filled from the parish which he represents in the Legislature; each member of the Senate shall submit one name for each vacancy to be filled from the parish or parishes within the district which he represents in the Legislature. In making appointments, the Governor shall not appoint any individual to a seat on the board of commissioners to represent a specific parish who was not recommended by one or more of the legislators who represent that specific parish in the Legislature.
The terms of any and all members now serving on levee boards shall expire on January 1, 1967, and new commissioners shall be appointed to fill any and all vacancies created by the expiration of their terms in the manner hereinabove provided. All members of the boards of commissioners of levee districts shall have terms concurrent with that of the Governor appointing them.
C. The provisions of this Section shall apply to all boards of commissioners of all levee boards whether created or provided for by this Constitution or by the Legislature.

D. The provisions of this Section shall be self-operative and shall require no further or other legislation. (Emphasis provided.)
This provision of the 1921 Constitution, as amended in 1966, thus declared that all members of boards of commissioners of levee boards would have terms concurrent with that of the governor appointing them. Subsection C also stated that these provisions would apply to "all boards of commissioners of all levee boards ...." There was no Orleans Parish or other exception in the constitutional provision. The article established the terms of all the members of levee boards throughout the state "(n)otwithstanding any ... law to the contrary...." (Subsection B), and the provisions of this Section were declared to be self-operative requiring no further or other legislation (Subsection D).
A subsequent general statute dealing specifically with a particular subject supersedes and repeals inconsistent and conflicting provisions in an earlier statute.[3] *810 Even more pertinent to this case, constitutional provisions by their superior nature need not specifically "repeal" extant conflicting statutes. As the Second Circuit Court of Appeal expressed in Fullilove v. U.S. Casualty Company of New York, 129 So.2d 816, 825 (La.App. 2d Cir.1961): "The constitution is the supreme law, to which all legislative acts and all ordinances, rules, and regulations of creatures of the legislature must yield." Furthermore, while repeals by implication are not favored, a constitutional amendment or provision operates to supersede or repeal all statutes that are inconsistent with the full operation of its provisions. See State v. Anderson, 215 La. 856, 41 So.2d 809 (1949). So, too, later constitutional provisions, or amendments, prevail over earlier constitutional provisions in conflict. State ex rel Kemp v. City of Baton Rouge, 215 La. 315, 40 So.2d 477 (1949).
Contrary to the conclusion reached by the Court of Appeal, this constitutional amendment did indeed nullify or effectively repeal any and all conflicting statutory provisions then in existence. Those provisions of La.R.S. 38:1233 (as it existed from 1928 until 1966), setting up two ex officio memberships and definite four year terms were clearly in conflict with the constitutional language.[4] The statute's creation of a seven member Board of Commissioners of the Orleans Levee District, of course, was not. The constitutional article prevailed over those portions of the statute in conflict therewith. There was of necessity a repeal, or nullification, of those contrary provisions of La.R.S. 38:1233 which could not be reconciled with the language of Constitution Article XVI, § 1 after the 1966 amendment.
In 1966 when Article XVI, § 1 of the 1921 Constitution was amended, January 1, 1967, was fixed as the concluding date for the terms of the Orleans Parish Levee Board members then serving, as well as for the terms of all other levee board members then serving throughout the state of Louisiana. Members of all levee boards were thereafter to be appointed by the governor to terms to run concurrently with that of the governor appointing them. While there may have been some confusion about the Orleans Levee Board composition and terms of office following the 1966 constitutional amendment in the minds of some,[5] there were also those who understood the clear effect of the constitutional change.[6]
Since the 1966 constitutional amendment did not specifically repeal La.R.S. 38:1233, its effect was to supersede and effectively repeal the portions of La.R.S. 38:1233 which were inconsistent with its provisions. See *811 Gorham v. Mathieson Alkali Works, 210 La. 462, 27 So.2d 299 (1946).[7]See also Bank of Lecompte v. Lecompte Cotton Oil Co., 125 La. 844, 51 So. 1010 (1910); State v. Fuller, 14 La.Ann. 667 (1859). One portion of La. R.S. 38:1233 unaffected by the 1966 constitutional provision was its prescribing a board composition of seven members, although the other mandates of La.R.S. 38:1233, relative to the board's composition (five appointees and two ex officio members), and members' terms, were in conflict with, and therefore nullified by, the 1966 amendment.
When Article XVI, § 1 of the 1921 Constitution as amended in 1966 was continued as a statute by Article XIV, § 16 of the Constitution of 1974, and placed in statutory form by Act 99 of 1975, and later statutorily amended, the Orleans Levee Board's size (seven members), its composition (all seven gubernatorial appointees) and terms of office ("concurrent with that of the Governor appointing them," and later "at the pleasure of the Governor") were continued.[8]
The Orleans Levee Board thus consisted of seven members (La.R.S. 33:1233), all of them appointed by the Governor serving terms concurrent with that of the Governor appointing them (La. Const. art. XVI, § 1 and La.R.S. 38:281 (C) as adopted by Act 99 of 1975). The statutory exception of Orleans Parish, previously existing in subsection A of La.R.S. 38:281[9] did not pertain to subsection C, a provision which has never contained similar exclusionary language.[10] Although it contained no repealer clause, the amendment to the statute continued the language of the constitutional provision, "(n)otwithstanding any law to the contrary ...." Thus the excision, by repeal of portions of La.R.S. 38:1233, was perpetuated. Even read in pari materia, the two statutes, La. R.S. 38:281 and La.R.S. 38:1233 could not have been reasonably construed together and given simultaneous effect after 1966 (with respect only to composition and terms, not number of board members). And, of course, as earlier indicated, those portions of La.R.S. 38:1233 in conflict with Article XVI, § 1, 1921 Constitution (La.R.S. 38:281's predecessor) had been nullified from 1966 when the constitutional amendment was adopted.
Act 256 of 1977 amended and changed La.R.S. 38:281's provision that board members serve terms concurrent with that of the governor appointing them, to read: "All members of the boards of commissioners of levee districts shall serve at the pleasure of the governor." The 1977 amendment *812 also contained a clause expressly repealing all laws or parts of laws in conflict. The essential conflict between La.R.S. 38:281 and La.R.S. 38:1233 thus continued. In 1978, Act 314 redesignated the provision containing the pertinent language, Subsection C, as Subsection D of La.R.S. 38:281. The language of this subsection was not altered.
In 1979, both of the conflicting statutes were amended. Act 676, relating to La.R.S. 38:281, amended Subsections A and B of the statute; it did not affect Subsection D (formerly Subsection C), which contains the language at issue in this case. Act 523, relating to La.R.S. 38:1233, provided in full:

AN ACT

To amend and reenact Section 1233 of Title 38 of the Louisiana Revised Statutes of 1950, relative to the appointment and term of commissioners of the Orleans Levee District, vacancies, and ex officio commissioners, and otherwise to provide with respect thereto.
Be it enacted by the Legislature of Louisiana:
Section 1. Section 1233 of Title 38 of the Louisiana Revised Statutes of 1950 is hereby amended and reenacted to read as follows:

§ 1233. Appointment and term of commissioners; vacancies; ex officio commissioners:
The governor shall appoint five persons possessing all the requisites of a qualified elector in the parish, to serve as commissioners of the district, who shall hold the office for a term of four years and until their successors are appointed and qualified. In case of vacancy by death, resignation, or inability to act, the vacancy shall be filled by appointment by the governor. The other commissioners shall be ex officio the mayor or an executive employee of the mayor's office, and one other member of the City Council of New Orleans, designated by the council, forming a board of seven members.
Section 2. If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items, or applications of this Act which can be given effect without the invalid provisions, items, or applications, and to this end the provisions of this Act are hereby declared severable.
Section 3. All laws or parts of laws in conflict herewith are hereby repealed. (Emphasis provided.)
Since Act 523 of 1979 (amending and reenacting La.R.S. 38:1233), enacted Orleans Levee Board composition and terms different from the preceding statute, La.R.S. 38:281 (with its origin in La. Const. art. XVI, § 1), the legislature in 1979 indeed did change the law pertaining to the Orleans Levee Board.[11]
Of course, since the two statutes are laws in pari materia, they should be reasonably construed together, if possible. La.C.C. art. 17. However, where there is an irreconcilable conflict, one statute must prevail. Upon passage of Act 523 in 1979, La. R.S. 38:1233 declared that there would be a definite term of four years for Orleans Levee Board Commissioners. See State v. Bergeron, 235 La. 879, 106 So.2d 295 (1958) (on rehearing).[12] La.R.S. 38:281 stated no definite term of office; the governor could remove the members of the levee boards throughout the state at his pleasure. These conflicting statutes cannot be construed so *813 as to reconcile the conflict by any reasonable construction. Thus, the latest enactment, La.R.S. 38:1233, controls.[13]Smith v. Trosclair, supra; State v. St. Julian, 221 La. 1018, 61 So.2d 464 (1952). La.R.S. 38:1233, the special statute dealing with the Orleans Levee Board supersedes La.R.S. 38:281, the general statute involving all the levee boards of the state.[14]Arata v. Louisiana Stadium and Exposition District, 254 La. 579, 225 So.2d 362 (1969); Giammanco v. Pizzolato, 275 So.2d 880 (La.App. 4th Cir. 1973).
We therefore conclude that La.R.S. 38:1233 as amended in 1928, insofar as it created a seven member Orleans Levee Board, was to that extent alone a viable statute between 1966 and 1979. The Legislature's amendment/reenactment of La.R.S. 38:1233 by Act 523 of 1979 reinstituted for the Orleans Levee Board, for the first time following the 1966 constitutional amendment and its statutory codification as La.R.S. 38:281 in 1975, the composition of the Orleans Levee Board as it had existed before 1966 (five gubernatorial appointees and two ex officio members). The 1979 act established once again four year terms for the Orleans Levee Board members, changing the then prevailing "service at the pleasure of the governor" of La.R.S. 38:281.
La.R.S. 38:1233 as amended and reenacted by Act 523 of 1979 (four year term and until successors are appointed and qualified), with a general repealer provision, impliedly repealed La.R.S. 38:281's provision for "serving at the pleasure of the Governor" insofar as La.R.S. 38:281 prior thereto had applied to the Orleans Levee Board. We thus find that when the former Governor in December, 1979, issued a commission after, and under the authority of Act 523 of 1979 (an act effective in September, 1979), Macon was appointed to serve a term of four years, a term thus fixed by law.[15]
Because Macon was appointed in December, 1979 to a four year term fixed by law (four years and until his successor should be appointed and qualified) he was not subject to removal by the Governor who took office in March of 1980, because of the prohibition in Article IV, § 5(I) of the 1974 Louisiana *814 Constitution (see footnote 1 hereinabove).[16] The trial court judgment granting a preliminary injunction in Macon's favor was correct.

Decree
For the foregoing reasons the judgment of the Court of Appeal is reversed and the judgment of the trial court reinstated.
REVERSED; TRIAL COURT JUDGMENT REINSTATED.
LEMMON, J., dissents.
BLANCHE and MARCUS, JJ., dissent and assign reasons.
BLANCHE, Justice (dissenting).
The decision in this case rests upon the reconciliation of two statutes which seem to conflict with one another.
R.S. 38:281(D), in pertinent part provides, as it did in 1979, that "All members of the boards of commissioners of levee districts shall serve at the pleasure of the governor."
R.S. 38:1233, governing the Orleans Levee District, as amended and re-enacted in 1979 provides:
The Governor shall appoint five persons possessing all the requisites of a qualified elector in the parish, to serve as commissioners of the district, who shall hold the office for a term of four years and until their successors are appointed and qualified. In case of vacancy by death, resignation, or inability to act, the vacancy shall be filled by appointment by the governor. The other commissioners shall be ex officio the mayor or an executive employee of the mayor's office, and one other member of the City Council of New Orleans, designated by the council, forming a board of seven members. (emphasis added.)
According to the official comments to the Louisiana Revised Statutes, the 1979 amendment added the words "or an executive employee of the mayor's office"; the amendment did not make any other change. Moreover, the record indicates that the Senator who introduced this amendment in the legislature testified that the only reason the legislature amended the statute was in order to allow the mayor of New Orleans to appoint a delegate to attend the levee board meetings. Keeping this legislative intent in mind, it is important to review the history of the two statutes in question.
Section 281 began as a 1966 Amendment to the Louisiana Constitution of 1921. That amendment provided, in pertinent part, that all levee board members were appointed for terms "concurrent with that of the governor." At that time, § 1233 provided that Orleans levee board members would serve for four year terms. As the majority explains "The Constitutional article prevailed over those portions of the statute in conflict therewith." There is a difference, however, between "prevailing" over something and "excising" it. The majority seems convinced that the provisions of § 1233 which conflicted with the constitutional provision were repealed. This simply did not occur; the conflicting language remained in the statute and remains today. In a question as to which provision would control, a court in 1967 could not have read the language out of § 1233; it would simply *815 have concluded that the constitutional language controlled.
In 1975, this constitutional provision was enacted as R.S. 38:281, pursuant to the adoption of the 1974 Constitution. Although the statute contained no repealer clause, it tracked the pertinent language of the constitutional article. I agree with the majority that the construction of the constitutional provision remained the same when it was thus implemented as a statute. In 1977, § 281 was amended to change the term of levee board officers from concurrent with the governor to "at the governor's pleasure." Nothing else was changed, and it continued to prevail over the contradictory language of § 1233.
In 1979, both of these statutes were amended. The amendments to § 281 were of subsections which are not at issue. The amendment to § 1233 merely added the words allowing the mayor to appoint a delegate in his stead. Act 523 of 1979, which amended and re-enacted § 1233, contained the usual repealer clause, as quoted in the majority opinion. According to the majority, the legislature enacted a statute different from § 281 and, therefore, changed the law pertaining to the Orleans Levee Board. It is this new and "different" statute which they rely upon in reaching the conclusion that Macon was appointed for a legislatively fixed four-year term. The language of Act 523 makes it clear, however, that § 1233 was re-enacted. The language of the statute is identical to that of its predecessor except for the addition provision discussed above. "Law is a solemn expression of legislative will." La.C.C. art. 1. Since that is true, it is incumbent upon this court to give full consideration to the legislative intent in writing the law:
The universal and most effectual way of discovering the true meaning of a law, when its expressions are dubious, is by considering the reason and spirit of it, or the cause which induced the Legislature to enact it. La.C.C. art. 18.
In this case, uncontradicted testimony indicates that the legislature never even considered creating an Orleans levee board different in any sense from what had previously existed, except that the mayor would not have the authority to send a representative in his place. Had the Legislature intended to repeal § 281 as it applied to the Orleans board, it would have expressly done so.
The job of the courts is to give effect to the laws. A law is not to be declared impliedly repealed unless "irreconcilable" with "new" law. La.C.C. art. 23. This being true, I would give effect to both statutes by interpreting them in pari materia: the terms of office of the Orleans levee board are for four years (§ 38:1233), subject to the pleasure of the governor (§ 38:281). I would affirm the judgment of the Fourth Circuit Court of Appeal.
MARCUS, Justice (dissenting).
I do not consider Act 523 of 1979 impliedly repealed La.R.S. 38:281(D) because the two statutes are not in conflict. A law can impliedly repeal another only when the new law contains provisions which are irreconcilable with those of the former law. La.Civ. Code art. 23. These two statutes are not irreconcilable, but can be read together to provide that the board members will have terms of four years, but shall still serve at the pleasure of the governor. Under La. R.S. 38:281(D), which gives the governor the authority to remove members at will, the board members' terms were indefinite and they would serve until removed from office. Act 523 merely provides that the terms do not last indefinitely, but expire in four years. The board members are still subject to removal at any point during that four-year period. This construction does not violate La. Const. art. 4, § 5(I) because there is no "term fixed by law" when the law allows the governor to remove the board members at will. Accordingly, I respectfully dissent.
NOTES
[1] Article IV § 5(I) of the 1974 Constitution provides:

Removal Power. The governor may remove from office a person he appoints, except a person appointed for a term fixed by this constitution or by law.
[2] There were prior versions of Act 97 of 1928. The Section originated in Act 93 of 1890 which set up a nine member board: seven were appointed by the governor; four were to serve three year terms; three were to serve six year terms and until their successors were appointed and qualified. The mayor and a commissioner of public works of New Orleans were ex officio members. By Act 137 of 1920, the governor was given authority to appoint seven persons "to serve during the term of the Governor as Commissioners of said District." They were subject to removal by the governor for cause which had to be set forth in writing. Act 234 of 1924 again stated that seven persons would be appointed; four would serve for three years and three would serve for six years and until their successors were appointed and qualified. After declaring in 1920 that the appointees would serve terms concurrent with that of the governor, in 1924 the legislature returned to the language providing a definite term of office. The 1928 amendment retained the language setting up a definite term of office although that term was fixed for all the appointed members at four years.
[3] A law is impliedly repealed only "when the new law contains provisions contrary to, or irreconcilable with those of the former law." La.C.C. art. 23. A special law can be repealed or amended by a subsequent general law only when the two laws cannot stand together. See Wenk v. Anisman, 211 La. 641, 30 So.2d 567 (1947); McManemin v. Bossier Parish Police Jury, 228 So.2d 36 (La.App. 2d Cir.1969), cert. denied 255 La. 240, 230 So.2d 91.

Repeal by implication occurs when an act not purporting to repeal any prior act is wholly or partially inconsistent with a prior statute or covers the subject of a prior act or section and is a substitute act. On the basis that the latest declaration of the legislature prevails, the inconsistent provisions of the prior statute are treated as repealed, (footnotes omitted.) 1A Sutherland, Statutory Construction § 22.22 (3rd ed. 1972).
[4] We find no basis for the Court of Appeal statement that Article XVI, § 1, as amended by Act 545 of 1966, applied only to appointed members of the board and did not affect ex officio memberships.
[5] For instance, Governor McKeithen chose to appoint John D. Lambert, New Orleans City Councilman to the Orleans Levee Board in 1973. He was an office holder who by designation of the New Orleans City Council might also have qualified as an ex officio member. Furthermore, the attorney general issued two opinions, No. 80-19 (January 10, 1980) and No. 80-1050 (August 20, 1980) expressing his view that even after the 1966 constitutional amendment to La. Const., 1921, art. XVI, § 1, the Board was to be composed of the five gubernatorial appointees and two ex officio members, as set out in La.R.S. 38:1233.
[6] For example, in 1971 correspondence, Mr. Dan McGovern, general counsel for the Orleans Parish Levee Board, stated to the Secretary of State that the listing of two ex officio members was incorrect. McGovern stated that Act 545 of 1966 adopted by the public as a constitutional amendment on November 8, 1966, changed the existing law. According to McGovern's letter, all members of the Orleans Levee Board after 1966 had to be appointed by the governor pursuant to Constitution Article XVI, § 1; the ex officio memberships were eliminated; all terms would expire with that of the governor.
[7] In Gorham v. Mathieson Alkali Works, 210 La. 462, 27 So.2d 299, 304 (1946), this Court stated:

The general rule is that when later acts do not specifically repeal earlier statutes on the same subject matter, they have the effect of superseding such previous laws only insofar as the provisions of the earlier acts are in conflict with the later expression of the legislative will.
[8] La.R.S. 38:281(C), as amended by Act 99 of 1975, tracked the pertinent language of Article XVI, § 1, La. Const. 1921 as amended in 1966:

. . . . . .
C. Notwithstanding any law to the contrary, every vacancy now, or hereafter created, whether by reason of death, resignation, expiration of term, or any other cause, occurring on any levee district now shall be filled by the governor from panels of names submitted as follows: each member of the House of Representatives representing a parish or part of a parish lying within a levee district shall submit one name for each vacancy to be filled from the parish which he represents in the legislature, and each member of the Senate shall submit one name for each vacancy to be filled from the parish or parishes within the district which he represents in the legislature. In making appointments the governor shall not appoint any person to the board of commissioners to represent a specific parish who was not recommended by one or more of the legislators who represent that specific parish in the legislature.
All members of the boards of commissioners of levee districts shall serve terms concurrent with that of the governor appointing them.
The provisions of this Subsection apply to all boards of commissioners of all levee boards. (Emphasis provided.)
[9] La.R.S. 38:281(A) containing the Orleans Parish exception had existed as a statute from the time of its enactment in Act 66 of 1942.
[10] The language of La.R.S. 38:281(C) was almost exactly the same as that of Article XVI, § 1 of the 1921 Constitution as amended in 1966.
[11] Defendant argues that the legislative intent was not so sweeping, and he directs our attention to an affidavit of one of the Senators. The understanding of one member of the Legislature is not determinative of legislative intent. Arata v. Louisiana Stadium and Exposition District, 254 La. 579, 225 So.2d 362 (1969). See also Ethyl Corp. v. Collector of Revenue, 351 So.2d 1290 (La.App. 1st Cir.1977), writ denied 353 So.2d 1035 (1978). Furthermore the Senator's affidavit was not admitted into evidence.
[12] In State v. Bergeron, 235 La. 879, 106 So.2d 295 (1958) (on rehearing), this Court was confronted with a statute, involving the Lake Borgne Basin Levee District Commissioners, which originally had the same language as La. R.S. 38:1233. The members would serve "for a term of four years, and until their successors are appointed and qualified." This Court stated that this language set a fixed term of four years.
[13] Although repeals by implication are not favored, Gulf Oil Corp. v. State Mineral Board, 317 So.2d 576 (La.1975); Liter v. City of Baton Rouge, 258 La. 175, 245 So.2d 398 (1971), the Louisiana jurisprudence states that when there is irreconcilable conflict between two statutes a repeal by implication is effected. Legros v. Conner, 212 So.2d 177 (La.App. 3d Cir.1968). "When a subsequent enactment covering a field of operation coterminous with a prior statute cannot by any reasonable construction be given effect while the prior law remains in operative existence because of irreconcilable conflict between the two acts, the latest legislative expression prevails, and the prior law yields to the extent of the conflict." 1A Sutherland, § 23.09, supra.

Jurisprudentially a law or statute is impliedly repealed only when its provisions are contrary to, or irreconcilable with the later enactment. Smith v. Trosclair, 321 So.2d 514 (La.1975). See also State v. Jones, 220 La. 381, 56 So.2d 724 (1952).
[14] Likewise where a later statute adapted for a particular locality conflicts with a general law of state-wide application, the special or local law will supersede the general enactment. Where, however, the later special or local statute is not irreconcilable with the general statute to the degree that both statutes cannot have a coincident operation, the general statute will not be repealed, but the special or local statute will exist as an exception to its terms. (footnotes omitted.) 1A Sutherland, § 23.16 supra.
[15] The fact that we find this levee board appointment was provided for by statute answers defendant's alternative argument as presented in the lower courts. Defendant contended that if Macon had been validly appointed, his term ended at the end of the legislative session of 1979-1980 since plaintiff's appointment was not confirmed by the Senate. Article IV, § 5(H)(1) of the 1974 Constitution provides:

The governor shall appoint, subject to confirmation by the Senate, the head of each department in the executive branch whose election or appointment is not provided by this constitution and the members of each board and commission in the executive branch whose election or appointment is not provided by this constitution or by law. (Emphasis provided.)
Since Macon's appointment was provided for by law, i.e. La.R.S. 38:1233, the appointment is valid without Senate confirmation. Incidentally, defendant Costa's appointment was not confirmed by the Senate, either.
[16] We distinguish Troxler v. Mongrue, 175 So.2d 309 (La.App. 4th Cir.), writ refused 178 So.2d 654, 248 La. 361 (1965), relied upon by defendant-respondent in brief. In Troxler, there was a conflict between La.R.S. 42:4, a general statute dealing with the governor's power to remove at his pleasure all public officers appointed by him (with exceptions not pertinent to the office holder in the Troxler case), and the statute, La.R.S. 33:3813, which set the terms for waterworks district commissioners at five years. The Fourth Circuit Court of Appeal held that while the legislature simply retained the five year term language in La.R.S. 33:3811 in two amendments after the effective date of La. R.S. 42:4, the lawmakers were presumed to have intended for those five year terms to be nonetheless subject to the governor's prerogative to remove the appointees at his pleasure as prescribed in La.R.S. 42:4. Troxler is not dispositive or persuasive in the instant case. Here La. R.S. 38:281 deals with member terms and appointments of the Orleans Levee Board, among all of the levee boards of the state, and the later statute La.R.S. 38:1233, deals with the Orleans Levee Board alone; the later statute with which the earlier statute simply cannot be given simultaneous effect, applies.