WATKINS, Judge.
This suit involves the interpretation of conflicting constitutional and statutory law regarding the filling of a vacancy on the State Civil Service Commission.
Article X, Section 3 of the Louisiana Constitution of 1974[1] provides for a seven member State Civil Service Commission (Commission), with six appointed members and one member who is elected by the classified employees of the State. In February 1987, pursuant to this constitutional provision, Gerry Morris was elected to a six-year term as the classified employee member of the Commission, with Mary S. Jennings receiving the second highest number of votes, and Marshall J. Ryals receiving the third highest number of votes.
In February 1989, Mr. Morris resigned from the state classified service, thus losing his eligibility to continue serving as a Commission member as provided for by LSA-R.S. 42:1359 C.[2]
On February 27, 1989, Mary S. Jennings filed a petition for mandamus, praying' that Herbert L. Sumrall, Director of the Department of Civil Service, be ordered to place her in the vacant seat, pursuant to LSA-R.S. 42:1359 B., as amended in 1988, which reads:
B. Vacancies occurring for any cause prior to the expiration of the term shall be filled for the remainder of the unexpired term by the eligible candidate who was unsuccessful in the most recent runoff election. If that candidate is not *1142 eligible to serve, or if a runoff election was not held in the most recent election, then the vacancy shall be filled by the eligible candidate who received the next highest number of votes in the most recent election.
Prior to its amendment in 1988, LSA-R.S. 42:1859 B. read as follows:
Vacancies occurring for any cause pri- or to the expiration of the term shall be filled for the remainder of the unexpired term by special election called by the director within three days after the day on which he is cognizant that a vacancy has occurred. The special election shall be held, in the manner provided by this chapter, within ninety days after the date on which the vacancy occurs.
On March 7, 1989, Marshall J. Ryals intervened in the mandamus proceeding, alleging that Ms. Jennings was ineligible for the Commission vacancy and praying that the Director of the Commission be ordered to place Mr. Ryals in the vacant seat pursuant to LSA-R.S. 42:1359 B.
On March 28, 1989, the Department of State Civil Service answered the mandamus petitions, requesting that the Court interpret that portion of Article X, Section 3(C) of the Louisiana Constitution regarding the filling of vacancies on the Commission. The pertinent provision of Article X, Section 3 provides that “[a] vacancy for any cause shall be filled by appointment or election in accordance with the procedure or law governing the original appointment or election, and from the same source(Emphasis added.) The Director pointed out that this constitutional provision has never been interpreted and that its application to the instant situation is not clear, especially since LSA-R.S. 42:1359 was amended subsequent to the instant election to provide a defined succession to a vacancy which, prior to amendment, was required by that statute to be filled by a new election.
On March 31, 1989, the trial court ruled in favor of Mr. Ryals, based on the ineligibility of Ms. Jennings. Appeals were filed by Ms. Jennings and two classified state employees, Robert M. Casse, Jr. and K. Lane Ardoin. Ms. Jennings alleges trial court error in finding her ineligible for the vacancy. Mr. Casse and Mr. Ardoin appeal as third parties aggrieved by the judgment of the trial court in accordance with LSA-C.C.P. 2086. Mr. Casse and Mr. Ardoin contend that the trial court erred in filling the vacancy in accordance with LSA-R.S. 42:1359 B., as amended in 1988. They argue that this is in direct conflict with Article X, Section 3 of the Constitution. We agree.
Apparently the trial court concluded that LSA-R.S. 42:1359 B., as amended in 1988, was applicable to the instant case. We think the trial court was in error. The clear language of Article X, Section 3 of the Louisiana Constitution mandates that a vacancy be filled in accordance with the procedure or law governing the original election. Therefore, it is the law in effect at the time of Mr. Morris’ election which establishes the procedure which must be followed in filling any vacancy left by Mr. Morris. Appellee, Marshall Ryals, contends that because LSA-R.S. 42:1359 is a procedural law, it should be applied retroactively.
The principles regarding the retroactive application of laws are set forth in Graham v. Sequoya Corp., 478 So.2d 1223, 1225-26 (La.1985) as follows:
C.C. 8 [now LSA-C.C. art. 6] states the general rule that a law “can prescribe only for the future, it can have no retrospective operation ...” Additionally, R.S. 1:2 mandates that no statute is retroactive unless expressly stated. From these principles it has developed and is consistently stated that the rule of prospective application applies to laws that are substantive in nature, but laws that are procedural, remedial or curative may be accorded retroactive effect. However, a law will not be applied retroactively if its language evidences a contrary intent or the retroactivity would operate to disturb vested rights.
A substantive law is one that creates an obligation, while a procedural, remedial or curative statute relates to the form of the proceeding or the operation of the laws. (Citations omitted.)
*1143 LSA-R.S. 42:1359 does not specifically provide for retroactive application, and the unequivocal language of Article X, Section 3 of the Louisiana Constitution prohibits its retroactive application in the instant case. “The Constitution is the supreme law, to which all legislative acts and ordinances, rules and regulations of creatures of the legislature must yield.” Macon v. Costa, 437 So.2d 806 (La.1983). We cannot allow a statutory amendment to be interpreted to effectively modify the clear language of Article X, Section 3 of the Louisiana Constitution.
Because we find the 1988 amendment of LSA-R.S. 42:1359 B. inapplicable in the instant case, we do not address Ms. Jennings’ contentions regarding her eligibility for the vacancy.[3]
For the reasons set forth, we reverse the decision of the trial court and order the Director of the State Civil Service Commission to hold an election to fill the vacancy left by Mr. Morris in accordance with the laws (LSA-R.S. 42:1351-42:1359) as they existed at the time of Mr. Morris’ election. Costs to await final disposition of this matter.
REVERSED.

. Article X, Section 3 of the Louisiana Constitution reads as follows:
Section 3. (A) Composition. The State Civil Service Commission is established and shall be domiciled in the state capital. It shall be composed of seven members who are electors of this state, four of whom shall constitute a quorum. No more than one appointed member shall be from each congressional district.
(B) Appointment. The members shall be appointed by the governor, as hereinafter provided, for overlapping terms of six years.
(C) Nominations. The presidents of Centenary College at Shreveport, Dillard University at New Orleans, Louisiana College at Pine-ville, Loyola University at New Orleans, Tulane University of Louisiana at New Orleans, and Xavier University at New Orleans, after giving consideration to representation of all groups, each shall nominate three persons. The governor shall appoint one member of the commission from the three persons nominated by each president. One member of the commission shall be elected by the classified employees of the state from their number as provided by law. A vacancy for any cause shall be filled by appointment or election in accordance with the procedure or law governing the original appointment or election, and from the same source. Within thirty days after a vacancy occurs, the president concerned shall submit the required nominations. Within thirty days thereafter, the governor shall make his appointment. If the governor fails to appoint within thirty days, the nominee whose name is first on the list of nominees automatically shall become a member of the commission. If any nominating authority fails to submit nominees in the time required, or if one of the named institutions ceases to exist, the governor shall make the appointment to the commission. (Emphasis added.)

. LSA-R.S. 42:1359 C. reads as follows:
C. Loss of status as a classified state employee in this state shall vacate the office of classified employee member of the commission and the vacancy shall be filled in the manner provided in Subsection B of this section.

. We note that the trial court found Ms. Jennings ineligible to fill the vacancy because she had failed to achieve the status of permanent employee in the classified civil service for one year prior to the vacancy even though she was eligible at the time of the original election. This alleged ineligibility was the result of a job change which required that she requalify for permanent employee status. Provided Ms. Jennings has maintained her civil service employment status since the filing of her petition she will be eligible for the new election as provided for in LSA-R.S. 42:1351.