Dear Mr. Dawkins:
This is in response to your request for an Attorney General's Opinion regarding the following issues:
(1) Whether the $2,000 threshold amount for public bids as specified in La. R.S. 38:2558(15) applies to contracts let by the Board of Commissioners of the Bayou D'Arbonne Lake Watershed District or whether this provision was superseded by La. R.S.38:2212 of the public bid law which provides a threshold amount of $10,000;
(2) Whether the Board of Commissioners of the Bayou D'Arbonne Lake Watershed District has the power to regulate duck hunting in any manner and, specifically, whether such regulations may include a fee for a duck blind permit, as its spacing of duck blinds is also for purposes of safety.
With regard to the first issue, La. 38:2558 provides for the powers of the Board of Commissioners. Subsection 15 specifically provides that whenever any work is to be let by the Board of Directors ("Board") of the Bayou D'Arbonne Lake Watershed District ("District") which shall exceed the value of $2,000, then the Board must do so through the public bid process provided for in 38:2558(15). The bid process in this section requires advertisements once a week for thirty (30) days in the parish newspaper, with the advertisement stating the time and place where the bids will be received and opened and a general outline of the work expected to be performed. Additionally, each bid must be accompanied by a certified check in an amount equal to 5% of the amount of the bid. The Board may reject any and all bids, but once awarded the bidder must furnish bond equal to one-half of the amount of the contract. This section is specific to contracts let by the District. La. R.S. 38:2181 et seq. provides for the letting of public contracts by "public entities". Public entities are defined in R.S. 38:2211A(1) to include the state and political subdivisions of the state. The District is a political subdivision of the state. La. R.S. 38:2552. R.S. 38:2212 provides that all public work exceeding the sum of $50,000 must be through the public bid process provided for in this section.
The $50,000 amount found in R.S. 38:2212 was increased from $5,000 to $10,000 in 1984, from $10,000 to $30,000 in 1989, and from $30,000 to $50,000 in 1993, Acts 1989, No. 808, Acts 1984, No. 1043, and Acts 1993, No. 409, respectively. The $2,000 amount in R.S. 38:2558(15) was added in 1962 and has not been amended or repealed. Acts 1962, No. 194, § 2.
Your first questions asks whether passage of R.S. 38:2212, providing a threshold amount of $50,000 repeals that portion of R.S. 38:2558(15) providing a threshold amount of $2,000. Should R.S. 38:2212 repeal 38:2558(15), the District would not be required to use the public bid process until the amount of the contract exceeds $50,000, rather than $2,000 as provided in R.S.38:2258(15).
Louisiana Civil Code Article 8 provides for repeal of laws and states:
 A repeal may be express or implied. It is express when it is literally declared by a subsequent law. It is implied when the new law contains provisions that are contrary to, or irreconcilable with, those of the former law.
As there is no literal language repealing the $2,000 amount found in R.S. 38:2558(15), any such repeal must be implied. Under Louisiana law, repeals by implication are not favored. A law is impliedly repealed only when a new law contains provisions contrary to, or irreconcilable with those of the former law. Further, a specific law can be repealed by a subsequent general law only when the two laws can not stand together. Makon v.Costa, 437 So.2d 806 (La. 1983), C.P. Liter v. City ofBaton Rouge, 245 So.2d 398 (La. 1971). The general statute applying to the state and its agencies requires use of a public bid process when contracts exceed $50,000, whereas the statute specific to the District requires the District use a public bid process for contracts which exceed $2,000. There is nothing irreconcilable between the two laws in holding the District to a stricter standard than other state agencies, board, commissions, departments, and public corporations.
In answer to your first question, it is the opinion of this office that R.S. 38:2558(15) has not been repealed by R.S.38:2212. The Board must comply with the public bid process as provided in R.S. 38:2558(15) for letting contracts which exceed $2,000.
In contrast to your first issue, your second issue concerns the Board's authority to regulate activities which the Board was given specific authority to regulate but which was then specifically repealed.
R.S. 38:2569 provided, in pertinent part:
 B. The board of commissioners of the Bayou D'Arbonne Lake Watershed District shall have the power and authority to establish and promulgate all rules and regulations pertaining to hunting and fishing upon Lake D'Arbonne, including the right to limit or restrict hunting and fishing to certain times and places, the right to construct and to control the construction of all duck blinds thereupon, and to regulate the hours of hunting and fishing upon the said lake and its waters, so long as said rules and regulations do not violate the laws of the state or federal authority, but within the framework of state and federal authority may be more restricted. (emphasis added)
This provision granted the Board broad authority to regulate hunting and fishing on Lake D'Arbonne as well as authority to regulate the construction of duck blinds. This provision clearly gave the Board authority to control the spacing of duck blinds and allow the issuance of duck blind permits and charging a fee for such permits. This provision was specifically repealed by Section 2 of Acts 1993, No. 830. Act 830 also gave the Louisiana Wildlife and Fisheries Commission sole authority to control and regulate hunting, fishing and boating in Lake D'Arbonne. Thus, the authority of the Board over hunting, fishing and boating was expressly repealed by the literal declaration of Act 830. La. Civ. Code art. 8.
In response to your second question, it is the opinion of this office that the Board's power to regulate duck hunting, specifically the authority to issue duck blind permits and charge a fee, and the authority to construct and to control construction of duck blinds was repealed by the subsequent enactment of Act830 of the 1993 Regular Session of the Louisiana Legislature. By passage of this act, the state reserved unto itself, through the Wildlife and Fisheries Commission, the right to regulate all aspects of hunting, fishing, and boating. Thus, the Board does not have the authority to issue duck blind permits or charge a fee for such permits.
We trust this opinion answers your inquiry. If we may be of further assistance, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ FREDERICK C. WHITROCK Assistant Attorney General
FCW:gbe
Mr. Robert G. Dawkins, President Board of Commissioner Bayou D'Arbonne Lake Watershed District Post Office Box 1613 Ruston, LA 71273-1613
DATE RECEIVED:
DATE RELEASED:
Frederick C. Whitrock, Asst. Atty. Gen.